UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL MIGUEL ANGEL )
PEREZ, JR., )
 )
                Plaintiff )
 )
       v. )     Civil Action No. 13-30204-KPN
 )
CAROLYN W. COLVIN, )
Acting Commissioner of Social )
Security Administration, )
 )
                Defendant )

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS and
DEFENDANT'S MOTION FOR JUDGMENT AFFIRMING
THE COMMISSIONER'S DECISION
(Document Nos. 14 and 16)
December 4, 2014

NEIMAN, U.S.M.J.

       This is an action for judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") regarding an individual's entitlement to Supplemental Security Income ("SSI") pursuant to 42 U.S.C. § 1383(c)(3) (referencing 42 U.S.C. § 405(g)). Michael Miguel Angel Perez, Jr. ("Plaintiff") contends that the Commissioner's decision denying him such benefits – memorialized in a July 20, 2012 decision of an administrative law judge ("ALJ") – is in error. He has filed a motion for judgment on the pleadings seeking to remand the matter and the Commissioner, in turn, has moved to affirm.

       The parties have consented to this court's jurisdiction. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. For the reasons that follow, the court will deny Plaintiff's motion and

allow the Commissioner's motion to affirm.

I. D̲ISCUSSION̲

The parties are well aware of the factual and procedural history of this case, the standard of review, and the applicable five-step sequential analysis. Plaintiff advances two arguments challenging the ALJ's decision. First, he asserts that the ALJ's residual functional capacity ("RFC") assessment was erroneous as a matter of law because it was inconsistent with the hypothetical question the ALJ posed to the vocational expert. Second, Plaintiff argues that, in assessing Plaintiff's RFC, the ALJ did not take into account all of the evidence regarding his asthmatic condition. For the following reasons, the court finds Plaintiff's arguments unavailing.

A. <u>Inconsistency Between Residual Functional Capacity and Hypothetical</u>

At the administrative hearing, the ALJ asked the vocational expert whether a hypothetical individual of Plaintiff's age and work experience could perform any jobs existing in the local or national economy. (Administrative Record ("A.R.") at 57.) Plaintiff had no work experience at the time. In relevant part, the individual was described as follows:

> [Plaintiff's] age, 18 or older . . . Limited to what Social Security defines as light work. Work should be simple and unskilled in nature. *Work should not entail more than incidental exposure to extremes of fumes, dusts, gasses, heat, cold, humidity.* Work should not be performed at heights, using ladders, ropes or scaffolding.

(A.R. at 57) (emphasis added). In response, the vocational expert indicated that such an individual could perform work as a ticket seller, officer helper, and small products assembler in a clean environment but reduced the number of products assembler

positions to allow for the environmental limitations. (A.R. 57-58.)

In his later decision denying the claim, the ALJ found that Plaintiff had the RFC to perform light work but, among other things, "*cannot work around extreme temperatures, respiratory irritants or humidity.*" (A.R. at 16 (emphasis added).) In seeking remand, Plaintiff argues that the hypothetical question posed to the vocational expert - - that the individual's work "not entail more than incidental exposure to extremes" of certain environmental conditions - - was less restrictive than the RFC limitation set forth in the ALJ's decision - - that Plaintiff "cannot work around extreme temperatures, respiratory irritants or humidity" - - thereby making the ALJ's conclusion as to Plaintiff's lack of disability invalid. The court disagrees.

Although there is a slight discrepancy between the descriptions, there is no material difference between the hypothetical question and the RFC, as the Commissioner correctly argues. This conclusion finds support in two prior decisions of this court, *Ortega v. Colvin*, No. 12-30189, 2013 WL 4056184 (D. Mass. Aug. 9, 2013), and *Greene v. Astrue*, No. 11-30084, 2012 WL 1248977 (D. Mass. Apr. 12, 2012). In *Greene*, the court noted that "[a]n administrate law judge's failure to use in his RFC assessment the exact language of a posed hypothetical does not automatically render his finding erroneous"; rather, any such "difference must be material in order to potentially constitute an error." *Greene*, 2012 WL 1248977, at *4 (hypothetical provided to vocational expert described individual with no "more than incidental exposure to extremes of col[d] or vibration" and the RFC assessment stated that the plaintiff "would need to avoid the extreme cold, vibrations"). In *Ortega*, much like here, the administrative law judge's hypothetical required "[n]o more than incidental exposure to

3

extremes of cold, heat, vibration, fumes, dust, gases, or humidity," and the RFC assessment noted that the plaintiff would need "to avoid exposure to temperature extremes, vibration, fumes, dust gases, humidity and heights." *Ortega*, 2013 WL 4056184, at *3. The court held that the "need to avoid 'incidental exposure' to an environmental condition adequately conveys that . . . [the] Plaintiff would need to 'avoid exposure' to the condition." *Id*. Here, too, the description that Plaintiff's work "not entail more than incidental exposure to extremes of fumes, dusts, gasses, heat, cold, humidity" adequately conveys that Plaintiff would be unable to work in any job which would expose him to those conditions, *i.e.*, that he "cannot work around extreme temperatures, respiratory irritants or humidity." (A.R. 57, 16.) In essence, there is no material difference between the two descriptive phrases.

Even if the difference between the two were material, the error would be harmless because the three jobs identified by the vocational expert - - ticket seller, officer helper and small products assembler (in a clean environment) - - do not involve exposure to any environmental or respiratory irritations described in either the hypothetical or the RFC. *See* Dictionary of Occupational Titles, 1991 WL 671853 (describing occupation of ticket seller, number 211.467-303), 1991 WL 672232 (describing occupation of office helper, number 239.567-010), 1991 WL 679050 (describing occupation of small products assembler, number 706.684-022). *See also* 20 C.F.R. § 416.966(d) (Commissioner may take administrative notice of "reliable job information" available from various publications such as the Dictionary of Occupational Titles). Thus, even were the ALJ's hypothetical identical to his RFC assessment, the vocational expert would no doubt have identified the very same jobs that Plaintiff could

4

perform and upon which the ALJ could rely.  *See Ortega*, 2013 WL 1248977, at *4 (denying a request for remand because none of the jobs listed by the vocational expert would have involved exposure to the environmental conditions listed in the RFC); *Greene*, 2012 WL 1248977, at *5 (same).

      B. <u>Failure to Consider Asthma in Residual Functional Capacity Assessment</u>

In his second argument, Plaintiff contends that the ALJ's RFC assessment did not reflect the severity of his asthmatic condition.  Plaintiff maintains that, instead, the ALJ "dismiss[ed] a large body [of] evidence, including evidence of treating sources, which support a significantly more limited assessment with respect to his asthma."  In response, the Commissioner argues that the ALJ's assessment of Plaintiff's RFC is supported by substantial evidence; the court agrees.

As an initial matter, the court notes that,

> in what has become a too common practice, Plaintiff's counsel merely summarizes evidence in the record that she believes supports her client's argument that [he] is disabled.  It is well settled, however, that the existence of such evidence, or, indeed, evidence contrary to the ALJ's findings, does not extinguish the substantial evidence supporting the ALJ's findings.  Plaintiff must show not only the existence of evidence in the record *supporting* [his] position but must also demonstrate that the evidence relied on by the ALJ is either insufficient, incorrect, or both.

*Greene*, 2012 WL 1248977, at *3 (internal quotations marks and emphasis omitted).  As was true in *Greene*, "Plaintiff has failed to do that here" as well.  *Id.*

Rather, Plaintiff has merely summarized Dr. Paul Walker's treatment records. *See Carlton v. Social Sec. Admin. Com'r*, No. 10-00463, 2011 WL 4433660, at *5 (D.

5

Me. Sept. 21, 2011) (claimant has the burden to put forth the medical evidence necessary to establish his impairments and the degree to which they limit his functional capacity). Granted, Plaintiff points out that Dr. Walker described his asthma as "severe, persistent, unstable" and that on multiple occasions he was prescribed Prednisone to control his asthma. But Plaintiff has failed to point to any evidence demonstrating greater limitations than those found by the ALJ. Indeed, the ALJ found that Plaintiff "has severe, persistent, unstable asthma" and that his RFC assessment was "supported by the record evidence which shows that the claimant has severe . . . asthma." (A.R. 17.) In short, the ALJ did not ignore evidence pertaining to the severity of Plaintiff's asthma.

It is also plainly apparent that the ALJ's RFC determination - - that Plaintiff could perform light work with certain limitations - - was supported by substantial evidence. Although the record reveals that Plaintiff experienced periods where his asthma "flared-up," which often required steroid treatment, these instances were episodic and would resolve. Similarly, Plaintiff's other asthma-related symptoms were treatable with various medications. For example, on January 26, 2011, during a follow-up visit with two days remaining on a Prednisone "taper," Plaintiff was no longer wheezing and experiencing tightness in his chest. (A.R. 454.) And while Dr. Walker did note that Plaintiff had shortness of breath in cold weather, he found "his exercise tolerance [was] full." (Id.) Likewise, although Plaintiff sometimes experienced wheezing with exertion and exposure to animals, on March 18, 2011, he had "good breath sounds", no tightness in the chest, and no cough. (A.R. 434.) Yet again in November and December of 2011 Plaintiff had wheezing and an asthma flare-up (A.R. 429-431), but by March of 2012 he was not experiencing asthma symptoms during the day and only had some difficulty

6

breathing at night. (A.R. 423-424.) Such evidence, episodic at best, adequately supports the ALJ's RFC determination. *See Hill v. Astrue*, No. 12-30018, 2012 WL 5830707, at *6 (D. Mass. Nov. 15, 2012) ("While Plaintiff argues that the ALJ should have assessed Plaintiff with more severe limitations based on the medical record, it is left to an administrative law judge to resolve conflicts in the evidence and, where such determinations are supported by the record, they are to be affirmed."); *see also Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981) ("We must uphold the Secretary's findings in this case if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion.").

## II. CONCLUSION

For the reasons stated, Plaintiff's motion for judgment on the pleadings is DENIED and the Commissioner's motion to affirm is ALLOWED.

IT IS SO ORDERED.

December 4, 2014

                                                   /s/ Kenneth P. Neiman
                                                   KENNETH P. NEIMAN
                                                   U.S. Magistrate Judge